## Beemus v. Fowler

*Craig & Blass*, for plaintiff; *Kitts, Barber & Sennett*, for defendants.

ROSSITER, P. J., December 20, 1933.—As we understand this case (although it is not set forth in the agreed statement of facts), it was a replevin case, no 137 on the 1933 fall trial list, in which the plaintiff had brought a writ of replevin to recover a truck. The case came on to be tried, when it was agreed that the questions involved were wholly matters of law and that the parties would agree upon the facts and submit a statement concerning them, leaving the matter for the court to decide.

The facts, as set forth in the agreed statement of facts, are that the plaintiff was, on July 24, 1932, a trucker licensed by the Public Service Commission of Pennsylvania to do a general trucking business and was the lawful owner of the truck involved in the writ of replevin; that in the course of plaintiff's business the truck went to the garage building of the McAllister Garage on East Twelfth Street for the purpose of transporting freight therefrom; that, after the truck was loaded, the plaintiff or his agent was informed that the removal of the goods was an attempt to defraud the landlord of rent and ordered the goods removed from the truck and the truck removed from the premises, which demand for the removal of the truck was not immediately complied with, it being Sunday; that on the evening of the same day the plaintiff went to the garage and asked permission to unload the goods and chattels and remove the truck from the premises, which request was denied except as to unloading part of the goods; that on the following morning, July 25, 1933, a landlord's warrant was issued because of the nonpayment of rent on the garage and, among other goods, the truck in question was levied upon; that on the same day a writ of replevin was issued by the plaintiff to recover the truck.

The question now is, therefore, whether or not the truck, under these circumstances, was liable to distress for the rent. If it was, judgment should be directed to be entered for the defendant, and if it was not judgment should be directed to be entered for the plaintiff.

It is a well-known principle of the common law that goods of a stranger on demised premises are liable to distress for rent. To this general rule, however, there are many exceptions in fact but few, if any, in principle.

"The goods of a third person placed in the way of trade on storage, in the warehouse of one who received goods on storage, are not liable for distress for rent for such warehouse, although found on the premises . . . nor are the goods of a guest for rent due by the innkeeper, nor those of a boarder for rent due by the keeper of the boarding-house . . . nor grain sent to a mill, nor cloth in a tailor shop, nor goods on a wharf, nor goods of the principal in the hands of a factor for rent due from the one temporarily having the possession of the goods. Nor are goods in the custody of the law liable . . . nor property of a tenant holding by a renewed lease, for the payment of arrears of rent due from a previous tenant": Karns et al. v. McKinney, 74 Pa. 387, see page 389.

It is admitted that these were the goods of a stranger found on the premises, that they were there in the line of his business, and that before the landlord's warrant was issued he desired to remove them but was prevented from so doing. Clearly, under these circumstances and all the decisions that we can find, the truck was not subject to the distress for rent, and therefore judgment should be and it is now, December 20, 1933, directed to be entered for the plaintiff.

From Otto Herbst, Erie, Pa.